UNITED STATES, Appellee

v

EDWARD E. JOHNSON, Private First Class,

U. S. Army, Appellant

8 USCMA 173, 23 CMR 397

No. 9398
Decided July 26, 1957

*First Lieutenant William H. Carpenter* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig.*

*First Lieutenant James G. Duffy* and *First Lieutenant Arnold I. Burns* argued the cause for Appellee, United States. With them on the brief were *Lieutenant Colonel Thomas J. Newton, First Lieutenant Richard W. Young,* and *First Lieutenant Chester F. Relyea.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The instant case is the companion case to United States v Grice, 8 USCMA 166, 23 CMR 390, and was consolidated with that case for the purpose of oral argument on the unopposed motion of the Government. We are also confronted here with a motion by the defense to strike from the appellate record an affidavit of the convening authority in this case. The issue here is the same as that argued in United States v Grice, supra—where the post-trial advice of the staff judge advocate to the convening authority was erroneous and deprived the accused of a correct review at the convening authority level—and we reach a like conclusion in this case.

Despite his plea of not guilty, the accused was convicted by general court-martial of robbery, two specifications to the Charge, in violation of Article 122, Uniform Code of Military Justice, 10 USC § 922. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances and to be confined at hard labor for two and one-half years. The convening authority approved the findings and the sentence and thereafter a board of review, with one member dissenting, affirmed both the findings and the sentence. A full recital of the facts need not be set forth here as they are unnecessary to the determination of the issue being appealed. Appellant and two companions offered to transport two soldiers back to their post in a car belonging to one of them. They took the soldiers to a deserted dirt road and there feigned a gasoline failure. When the two soldiers got out of the car to walk for help, the accused's two companions fell upon and robbed them. The accused then walked up to his companions and was given part of the booty.

I

Government appellate counsel on March 26, 1957, filed an affidavit of the convening authority in this case as Exhibit 1 to Government Brief on Behalf of the United States in which the convening authority detailed his actions and the test that he applied in arriving at his decision. The advice of his staff judge advocate and his action pursuant thereto are, of course, the main issue in this case.

Two days after the Government filed the affidavit appellate defense counsel moved this Court to enter an order striking the Exhibit referred to above from the record, or, in the alternative, to require the Government to show cause why such relief should not be granted. We deferred argument on the motion and ordered that it be presented at the hearing of the granted issue.

In the recent case of United States v Roberts, 7 USCMA 322, 22 CMR 112, a unanimous Court stated:

". . . At various times, cases involving so-called appellate exhibits have been before this Court. [Citing many cases.] In connection with appellate exhibits generally, we feel it appropriate to point out that certain distinctions must necessarily be drawn. Where such an exhibit contains new evidence or new matter which was not before or was not considered by the trial court or the reviewing agencies, this Court follows the almost uniform civil practice and generally will not consider it. Ordinarily appellate courts review claimed errors only on the basis of the error as presented to the lower courts, Hovland v Smith, 22 F2d 769

(CA9th Cir) (1927); however, this Court will review material outside the record having to do with insanity, United States v Bell, 6 USCMA 392, 20 CMR 108, and jurisdiction, United States v Dickenson, 6 USCMA 438, 20 CMR 154.

"The other category of appellate exhibits actually amounts to what is usually referred to as a supplementary or additional designation of record. That is, it involves some procedure or occurrence which ordinarily would be included in the record of trial and other proceedings that come before this Court for review but which is missing therefrom by way of mistake, inadvertence, or otherwise. In this latter category the only question involved is whether such occurrence in fact took place. If so, and if pertinent, it is entitled to be made part of the record of the proceedings before this Court. There may of course be circumstances where —when such a correction is made for the first time at this level—we will return the entire record for primary decision at the appropriate level. Nevertheless civil courts generally and the Federal courts in particular provide the necessary measures to insure that a complete and correct record is before the appellate court. See Rule 75(h) of the Federal Rules of Civil Procedure, which also applies to the Federal Rules of Criminal Procedure (Rule 39). This does not mean that we are not fully aware of and in complete accord with the function provided for by a Certificate of Correction (paragraph 86c, Manual for Courts-Martial, United States, 1951). But the use of such certificate appears to be permissive in nature, merely one method of correcting a record, not the exclusive means. United States v Self, 3 USCMA 568, 13 CMR 124."

We think that the affidavit now before this Court does not fall into either category discussed in the █ Roberts case, supra. It is neither material outside of the record having to do with insanity or jurisdiction, nor a supplementary or

additional designation of the record. Accordingly, Exhibit 1 to the brief on Behalf of the United States under Rule 41—an affidavit of the convening authority in this case—is ordered and it is stricken from the record.

## II

Turning our attention to the substantive error alleged, we find that in the staff judge advocate's review, he said:

"The competent evidence of record establishes the robberies by Williams and Evans as alleged in the specifications of the charge. The question of whether the accused aided and abetted the commission of the offense so as to be guilty as a principal was a question of fact for the court to determine. Despite the denial of the accused of any participation on his part, the record clearly reflects that he approached Williams and Blair when Williams was taking some money from Blair's wallet and that he then received some change from Blair's pocket. Subsequently he drove away with Williams and Evans, receiving at this time $10.00 more as his share of the proceeds.

"The conflict of evidence presented to the court was a factual matter to be resolved by them as triers of the facts. The court under the proper instructions given by the law officer was fully competent to evaluate the conflicting admissible evidence, and to determine the credibility of the witnesses. It was for the court to decide, and *where as here there is sufficient legally admissible evidence to support their findings, it should not be disturbed* (United States v McCrary (No. 4), 1 CMR 1)." [Emphasis supplied.]

It is the italicized portion of this advice that gives rise to the issue presently before us. The board of review concluded that the language was inartful and found it "somewhat ambiguous." It interpreted the language in question to be simply this particular staff judge advocate's manner of saying that in his opinion the evidence is convincing of guilt beyond a reasonable

176

doubt. The dissenting member of the board, however, states:

"While I cannot be sure, from the ambiguous language used here, I think there is a substantial possibility that the review and the action of the convening authority in accordance therewith, were based on the standard of *legal* sufficiency involving sufficiency *as a matter of law,* and not of fact."

We agree with the board of review that the language used in this particular advice is ambiguous and, further, we feel that it is susceptible of the interpretation given to it by the dissenting board member. Our holding that it is susceptible of such interpretation is buttressed by the staff judge advocate's reference, immediately following the questioned statement, to the case of United States v McCrary, 1 USCMA 1, 1 CMR 1, which discusses appellate sufficiency rules and limitations. Ambiguity should be resolved in favor of the accused. In this case when we resolve the ambiguity in the accused's favor, we find that the advice applies the same erroneous standard applied by the staff judge advocate in the case of United States v Grice, supra, and for the same reasons stated in that case it is error here. The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Army for transmittal to a general court-martial authority other than the one who acted upon the initial review, for further proceedings in conformity with Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861 and 864. United States v Papciak, 7 USCMA 412, 22 CMR 202; United States v Plummer, 7 USCMA 630, 23 CMR 94.

QUINN, Chief Judge (concurring in the result):

In the absence of evidence to the contrary, it is assumed that the convening authority followed the law set out in his Staff Judge Advocate's review. That is the import of the Grice case

and other cases, such as United States v Massey, 5 USCMA 514, 18 CMR 138. The presumption, however, must yield to a contrary showing of fact. Certainly, if, in his action, the convening authority recited the law upon which he relied, those recitals would be before us as part of the record. Similarly, if we consider the affidavit as a supplement to the convening authority's action, it would seem that it is properly before us. See United States v Schuller, 5 USCMA 101, 17 CMR 101. However, I need not reach that question. The accused has not, directly or indirectly, conceded either the correctness of the recitals in the convening authority's affidavit or that the recitals completely meet the issue he has raised. Under all the circumstances, I think it better, in the interest of justice, to return the case to another convening authority. Accordingly, I join in the result reached in the principal opinion.

LATIMER, Judge (dissenting):
I dissent.

In this case, as in United States v Grice, 8 USCMA 166, 23 CMR 390, decided this date, the petitioner urges that statements by the staff judge advocate in his post-trial review precluded proper review of the case by the convening authority. That part of the field review relied upon as the basis for this appeal is as follows:

"The conflict of evidence presented to the court was a factual matter to be resolved by them as triers of the facts. The court under the proper instructions given by the law officer was fully competent to evaluate the conflicting admissible evidence, and to determine the credibility of the witnesses. It was for the court to decide, and where as here there is sufficient legally admissible evidence to support their findings, it should not be disturbed (United States v McCrary (No. 4), 1 CMR 1)."

My views on this matter can be found in United States v Grice, supra, and, for the reasons I there set out, I am unable to find that the review received by this accused is infested with any error. However, there is one

additional factor in the case at bar which seriously undercuts the conclusions of the Court. This case is in that class which involves post-trial errors, and the Court, in its opinion, presumes the convening authority was mislead by improper legal advice. When the action of that officer was questioned, he filed an affidavit setting out the basis upon which he affirmed the findings, and particularly that he was personally convinced beyond a reasonable doubt of the accused's guilt. He could have done that at the time he originally acted, and his reasons would have been a necessary part of the record. Now it is said by the author Judge that he cannot supplement the record by filing a certificate, but that is substantially what we said could be done in United States v Schuller, 5 USCMA 101, 17 CMR 101. The Chief Judge lends support to that holding by his decision that the accused has not directly or indirectly conceded the truthfulness of the affidavit, and, therefore, he will not give it consideration. Aside from that being a means by which an accused can do nothing and thereby defeat a correction of the record, I say this accused has acknowledged the truth of the matters contained in the certificate in two ways. First, he moved to strike it, and for that purpose he concedes the facts set out. Second, he has filed no counter-affidavit disputing the facts, and that is a tacit admission as to their verity. But, assuming arguendo that the failure to dispute the contents of the affidavit can be ignored, a record can be corrected by certificate without a concession by the accused.

The net of my views is that I prefer to support a procedure of the following sort. If an issue depending on facts arises after trial and is raised for the first time on appeal, the court or agency which is hearing the appeal should follow a recognized procedure whereby facts can be gathered, reconciled, and weighed. If the error is raised before us and supported by an initiatory affidavit, a well-recognized method is available. If the facts are sworn to under oath or by certificate and not challenged, they may be accepted as true. For the most part, the facts in the original affidavit will not be controverted. However, if they are disputed by counter-affidavit, then we can have the facts heard by a court-appointed referee, or we can return the proceedings to an appropriate reviewing agency which has fact-finding powers. In the event the matter is raised before the convening authority or the board of review, they can determine the facts as an original matter. Under some type of proceedings such as suggested, we would have some assurance that we know whereof we speak. Under our present muddled appellate procedure, contrary to the rule prevalent in most jurisdictions, we presume prejudicial error instead of placing the burden on the moving party and finding out the true facts.