UNITED STATES, Appellee

v

CHALCEY JENKINS, Private E–2, U. S. Army, Appellant

8 USCMA 274, 24 CMR 84

No. 9771

Decided September 27, 1957

*First Lieutenant William H. Carpenter* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig.*

*First Lieutenant James G. Duffy* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton, Captain Thomas J. Nichols,* and *First Lieutenant Robert L. Spatz.*

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The question raised by this appeal is whether in his post-trial advice the staff judge advocate misinformed the convening authority on the standard of proof he could use in his review of the case to determine the guilt or innocence of the accused. The same question was recently considered by us in United States v Grice, 8 USCMA 166, 23 CMR 390, and United States v Johnson, 8 USCMA 173, 23 CMR 397.

After careful consideration of the staff judge advocate's advice to the convening authority, we are constrained to conclude that it clearly implies, if it does not directly say, that the test to determine the sufficiency of the evidence is whether there is evidence to support the findings of the court-martial. This test is incorrect. In United States v Grice, supra, we held that under the Uniform Code the convening authority is not limited to the "restrictive test reserved to appellate tribunals. He must be satisfied in his action that the accused is guilty *beyond a reasonable doubt.*"

Here, as in the *Johnson* case, the Government has appended to its appellate brief a certificate from the convening authority to the effect that when he reviewed the case he was "convinced . . . beyond reasonable doubt" of accused's guilt. In the light of all the circumstances of the case, however, we

think that our disposition here should be the same as that in *Johnson.*

Accordingly, we set aside the decision of the board of review and direct that the case be returned to another competent reviewing authority for further proceedings under Articles 61 and 64 of the Uniform Code of Military Justice, 10 USC §§ 861 and 864.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Apparently the basis for reversal in this instance is that the staff judge advocate misinformed the convening authority of the test the latter should use in determining the sufficiency of the evidence to support the findings of guilt. I have carefully read the staff judge advocate's advice and I am unable to find any misstatement of law or fact. After setting out the evidence in great detail and, after concluding the evidence on value was insufficient the reviewer states, "In my opinion— . . . Except as to the finding of value the competent evidence establishes that the findings of guilty are correct in law and fact."

I assume that when he says correct in fact, he means sufficient to prove all elements of the crime beyond a reasonable doubt.

In United States v Johnson, 8 USCMA 173, 23 CMR 397, the convening authority filed a certificate showing that proof beyond a reasonable doubt was the measuring rod he used in affirming the findings of guilty. We have the same situation in this instance and again we presume a convening authority failed in his statutory duty when we have positive evidence to the contrary. If we are to continue to reverse cases for post-trial error, we ought to provide some method by which the true facts may be ascertained. Usually when a defendant asserts he has been prejudiced by post-trial proceedings, he has the burden of establishing his assertion. Here, he not only fails to do that but, in addition, he neglects to meet the showing of the Government. Certainly, when a certificate or affidavit casting light on the issue is filed, it ought to be given some weight unless it is rebutted by the accused.

I would affirm the decision of the board of review.