UNITED STATES, Appellee

v

WALTER KATZENBERGER, Quartermaster First Class, U. S. Navy, Appellant

8 USCMA 497, 24 CMR 307

No. 10,710

Decided December 13, 1957

*Fred W. Shields, Esq., Calvin H. Childress, Esq.,* and *Commander David Bolton,* USN, were on the brief for Appellant, Accused.

*Major Charles R. Larouche,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of three specifications alleging violations of Article 92 (Charge I), four specifications alleging violations of Article 93 (Additional Charge), and two specifications of assault and battery, in violation of Article 128 (originally alleged as specifications 1 and 4 of the Additional Charge), of the Uniform Code of Military Justice, 10 USC §§ 892, 893, 928. The record of trial was then referred to the district legal officer in accordance with the provisions of Article 61, Uniform Code of Military Justice, 10 USC § 861. He prepared and submitted to the convening authority a comprehensive and, in general, able review.

In the review, the district legal officer considered, at some length, the defense of alibi, which was raised by the accused in regard to the alleged receipt of a gift from recruits, in violation of Article 1258 of Navy Regulations (1948). He concluded that, even if believed, the testimony of the accused and his witness would "not render the occurrence impossible or improbable" because of certain differences in time. He went on to comment as follows:

"Also, the court saw and heard the witnesses (a privilege not accorded reviewing authorities); thus, the court's determination should not be disturbed unless the denial of the accused as to the allegation and the testimony of the witness supporting his alleged movements is such that no reasonable person could disbelieve it. . . ."

The comment is substantially the same as that which we held to be erroneous in United States v Grice, 8 USCMA 166, 23 CMR 390. See also United States v Johnson, 8 USCMA 173, 23 CMR 397, and United States v Jenkins, 8 USCMA 274, 24 CMR 84. However,

the different nature of the offenses and the evidence as to each require consideration of the effect of the error.

From the quoted part of the advice, it would appear that the legal officer was commenting on only one of the nine specifications. Support for this interpretation is also found in an earlier but connected statement to the effect that the accused denied "that he received the gift alleged in Specification 3 of Charge I." It is arguable, therefore, that the error does not extend beyond the one specification. However, the three specifications alleged under Charge I form part of a single transaction, and all three of the acts of misconduct were strongly denied by the accused. Under these circumstances, there is a fair risk that the error on the one specification influenced the convening authority in his consideration of the other specifications under Charge I. But that is as far as the error could possibly go considering the testimonial admissions by the accused in regard to the other offenses.

In view of the limited effect of the error, we need not return the case to the convening authority for corrective action. Instead, we send it to the board of review. In its discretion, the board of review may order further proceedings under Article 61, Uniform Code of Military Justice, or set aside the findings of guilty of the three specifications under Charge I, and dismiss those charges and reassess the sentence on the basis of the remaining findings of guilty.

We return the record of trial to The Judge Advocate General of the Navy for resubmission to the board of review for proceedings in accordance with this opinion.

Judge FERGUSON concurs.

Judge LATIMER dissents.