UNITED STATES, Appellee

v

JESSE M. PALACIOS, JR., Basic Airman, U. S. Air Force, Appellant

8 USCMA 613, 25 CMR 117

No. 10,311

Decided January 24, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Major George M. Wilson* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Captain John W. Fahrney* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

After careful consideration of the staff judge advocate's post-trial review, we conclude that it has substantially the same defects which we found in United States v Jenkins, 8 USCMA 274, 24 CMR 84; United States v Johnson, 8 USCMA 173, 23 CMR 397; United States v Grice, 8 USCMA 166, 23 CMR 390. Accordingly, the decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General, United States Air Force, for submission to a competent convening authority for further proceedings in accordance with Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861, 864.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent. This petition was granted to determine whether the advice of the staff judge advocate to the convening authority in the accused's post-trial review applied an incorrect standard in measuring the sufficiency of evidence. The accused was charged with and convicted of larceny. In reviewing the sufficiency of the evidence, the staff judge advocate discussed the four elements of the offense charged. While the standard which is used by the reviewer differs with each element discussed, when considered collectively, I am convinced the convening authority was advised properly. The language which is assailed by the defense terminates a paragraph which reviews the

613

question of intent to deprive permanently. In that part of his review, the staff judge advocate reasoned:

". . . Thus, in addition to all the surrounding circumstances, the court was faced with conflicting testimony as to the issue of intent, but this was a proper question for resolution of the court, and it cannot be said that there was insufficient evidence to support the court's ultimate findings on this issue."

Although he did not explicitly state in that particular paragraph that the accused's intent was established beyond a reasonable doubt, in a latter portion of the review, while again discussing that issue, he wrote:

". . . Thus, it is concluded that the requests were properly denied. This opinion is strengthened by *the compelling evidence relative to intent* outside the confession in question. *Other evidence was of such weight* that there is no reason to assume that the court's finding hinged upon the particular words used by the accused in his statement." [Emphasis supplied.]

Certainly, if, as he opines, the evidence was compelling, there is no question but that he was using a yardstick greater than was necessary, for he need only conclude that the evidence of intent was established beyond a reasonable doubt.

Taking next the element of value, I find language in his review which indicates he employed the proper standard in discussing that element of the offense. As will appear from the following quotation, he used the reasonable doubt test, for he stated:

"Thus, it appears that there was evidence before the court which would support its finding as to value and that the court, as the proper weigher of evidence, *did not abuse its discretion nor shirk its responsibility with regard to reasonable doubt so as to warrant disapproval of its finding.*

Stated differently, the court was faced with a controverted question of fact—with evidence on both sides. Within its proper discretion it resolved this question against the accused. Reasonable support for its resolution of the question is contained in the record of trial." [Emphasis supplied.]

As to the two remaining elements, namely, wrongful taking and ownership of the property, the reviewer appears to find the evidence sufficient in fact to support the findings of the court-martial, and his statement which is hereinafter quoted must be considered in light of the fact that he has already indicated the proper yardstick for the trial forum. After discussing the evidence, he writes:

". . . The foregoing is deemed sufficient to sustain Element 1, that the accused wrongfully took the property in question, Element 2, that the property belonged to Staff Sergeant Glasgow, . . ."

Finally, when evaluating the sum total of all of the evidence, he concludes that collectively it is adequate to support the findings. It could not be adequate unless it proved the offense beyond a reasonable doubt as that was his measuring rod for adequacy. This is his summation:

"From the foregoing, it appears that all elements of the offense of which the accused was found guilty were adequately proved."

In the final analysis, to be helpful to those who are working in the field of military law, we should consider each report on its own wording and set forth sufficient of its contents to point out the areas of error. For that purpose, I have quoted various parts of the review. When they are considered in relation to each other and with the other information found in the review, I find they give to the convening authority the proper legal and factual guideposts.

I would affirm the decision of the board of review.