UNITED STATES, Appellee

v

HENRY A. NEWMAN, Private, U. S. Marine Corps, Appellant

8 USCMA 615, 25 CMR 119

No. 10,833

Decided January 24, 1958

*Major R. D. Humphreys*, USMC, was on the brief for Appellant, Accused.

*Commander Craig McKee*, USN, and *Lieutenant (jg) John V. L. Ellicott*, USNR, were on the brief for Appellee, United States.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused contends, and the Goverment concedes, that the staff judge advocate's post-trial advice to the convening authority is legally insufficient. United States v Grice, 8 USCMA 166, 23 CMR 390; United States v Johnson, 8 USCMA 173, 23 CMR 397.

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Navy for reference to a competent convening authority for further proceedings in accordance with Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861, 864.

JUDGE FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

This accused was charged with larceny of an automobile, but the court-martial by exceptions and substitutions reduced the offense to wrongful appropriation. While the division legal officer's review does not use the magic words beyond a reasonable doubt, he carefully relates the testimony. Thereafter he states that the findings are supported by the evidence. I assume from the latter statement that when the standard used by the court-martial in arriving at its findings is guilt beyond a reasonable doubt, the reviewing lawyer understands he must find support in the record of that quantity and quality. Furthermore, the convening authority could not have misunderstood the language used, for the summation of facts, which was accurate, would give him a picture not only of proof

**615**

beyond a reasonable doubt but a clear portrayal of compelling evidence of the violation of the Uniform Code of Military Justice. A reasonable person could not read the record or be informed of its contents and reach any result except that of guilt. The testimony of the prosecution witnesses not only shows facts and circumstances which convict the accused, but there is a written pre-trial confession of wrongful appropriation executed by him. When I look for rebutting testimony, I find none. Under those circumstances, the comments of the legal officer could not conceivably mislead the convening authority or be construed in such a manner as to suggest that the reviewer was using any test less than reasonable doubt.

I would affirm the decision of the board of review.