UNITED STATES, Appellee

v

ARTHUR G. LEE, Private E–1, U. S. Army, Appellant

8 USCMA 709, 25 CMR 213

No. 10,406

Decided February 14, 1958

*Major Edward Fenig* and *First Lieutenant William H. Carpenter* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant Chester F. Relyea* were on the brief for Appellee, United States.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of desertion terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, and imposed a sentence which includes a bad-conduct discharge. On the post-trial review the staff judge advocate analyzed the evidence. Discussing the evidence pertaining to the accused's intent, he quoted that part of paragraph 164a of the Manual for Courts-Martial, United States, 1951, which provides that "If the condition of absence without proper authority is much prolonged and there is no satisfactory explanation of it, the court will be justified in inferring from that alone an intent to remain absent permanently." He then went on to say that the question of the accused's intent was a "factual one for determination by the court under all of the facts and circumstances and appropriate inferences" and the court's finding was "fully warranted

by the evidence." The latter is a correct statement of law, but the former is not. United States v Cothern, 8 USCMA 158, 23 CMR 382; United States v Soccio, 8 USCMA 477, 24 CMR 287. Consequently, the advice fails to meet the standard required by the Uniform Code. United States v Grice, 8 USCMA 166, 23 CMR 390, United States v Massey, 5 USCMA 514, 18 CMR 138.

The error in the staff judge advocate's review goes only to that part of the findings of guilty which relates to the accused's intent to remain away permanently. It can, therefore, be corrected by setting aside that finding alone or by directing a new review. However, we leave the decision in the matter to the board of review. United States v Katzenberger, 8 USCMA 497, 24 CMR 307.

The decision of the board of review

710

is reversed. The record of trial is returned to The Judge Advocate General of the Army for resubmission to the board of review. In its discretion, the board of review may remand the case to the convening authority for further proceedings in accordance with Articles 61 and 64 of the Uniform Code or set aside the conviction for desertion and affirm findings of guilty of an unauthorized absence in violation of Article 86, Uniform Code of Military Justice, and reassess the sentence.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The holding of the principal opinion is an unwarranted extension of a rule which is itself founded on ▆▆▆▆ ▌ a mistaken notion. In United States v Cothern, 8 USCMA 158, 23 CMR 382, a majority of the Court held that an instruction permitting a court-martial to infer an intent to remain away permanently from a much prolonged and unexplained absence alone was erroneous. At this time, I merely compare that ruling with the principle announced in Winthrop's Abridgment of Military Law, 1892 edition, as follows:

"*Proof of the intent.*—Except where established by a specific declaration of the same by the accused, the fact that he absented himself *animo non revertendi* is proved as a presumption from some one unequivocal fact, as an unexplained long-protracted absence without authority, or—more commonly—from a combination of circumstances having a similar significance. The more familiar of such circumstances have already been instanced as illustrating the definition of desertion, and need not be repeated."

My associates now take the *Cothern* principle from its original setting, transfer it to the staff judge advocate's review, and then proceed to reverse on the grounds of United States v Grice, 8 USCMA 166, 23 CMR 390. The *Grice* case dealt with the standard used by the staff judge advocate in weighing the sufficiency of evidence. The decision in that case pivots about the following question answered in the affirmative by the majority:

". . . Our problem then resolves to this: Did there exist a fair risk that the convening authority's action was prompted by reliance upon the erroneous advice of his legal adviser?"

If the same question is asked here, the conviction of this accused must be affirmed.

The accused was charged with desertion after a twenty-month absence. The Government's evidence consisted of an extract copy of the morning report of the accused's organization which showed him to be absent without leave on July 1, 1955. There was then introduced a stipulation of the expected testimony of a New York City patrolman who apprehended the defendant in civilian clothing on March 2, 1957. The accused elected to remain silent, and neither offered any evidence nor produced any witnesses on his own behalf. The law officer's instructions upon desertion are void of any error which United States v Cothern, supra, condemns, and they included an instruction upon the lesser included offense of absence without leave. The accused was, of course, found guilty of desertion.

The staff judge advocate, after summarizing the evidence, advised:

"The uncontradicted evidence of record establishes each of the elements of the offense beyond a reasonable doubt. Prosecution Exhibit 1, an unchallenged extract copy of the morning report of the accused's organization, establishes the inception of the absence on the date alleged. Prosecution Exhibit 2, a testimonial stipulation from a New York City Patrolman, is sufficient to warrant the court's conclusion that the accused was apprehended as a suspected absentee on 2 March 1957, the date alleged. With the period of absence established by clear and convincing evidence, the only remaining question involves the intent of the accused. The Manual provides that:

'If the condition of absence with-

out proper authority is much prolonged and there is no satisfactory explanation of it, the court will be justified in inferring from that alone an intent to remain absent permanently (Para 164a, page 313, MCM, 1951).

The Court of Military Appeals has affirmed the validity of this inference in numerous cases (US v. McCreary, 1 CMR 1, 6; US v. Ferretti, 3 CMR 57, 60; US v. Hendon, 22 CMR 219).

"The question of the accused's intent was a factual one for determination by the court under all of the facts and circumstances and appropriate inferences. The court's conclusions in this regard are fully warranted by the evidence of record."

It is worth reiterating that the court-martial was given correct instructional guidance, and the staff judge advocate starts his review by a proper statement that each element of the offense was established beyond a reasonable doubt. Granted that the reference to paragraph 164a of the Manual is now considered inappropriate, I fail to see how the convening authority could have been misled by the statement that the court-martial could infer an intent to remain away permanently from the long absence alone. Had the court been instructed to that effect, we would have another problem but, under the instructions given, its determination of the

accused's intent must have been inferred from the prolonged absence plus apprehension in civilian clothes. If, as indicated in United States v Johnson, 8 USCMA 173, 23 CMR 397, the convening authority is presumed to follow the advice of the staff judge advocate, then in this instance he was advised that the evidence was uncontradicted; that each and every element of the offense was established beyond a reasonable doubt; that the accused's interest was a factual determination to be made by the court-martial from all the facts and circumstances; and that its conclusion in that regard is fully warranted by the record.

It should be apparent from the foregoing that the convening authority was not advised to rely personally on an inference from a much-prolonged absence and, in the light of this record, I am impelled to wonder how prejudice can be found. Certainly, the convening authority was apprised of the facts and he was in no way led to believe that his measuring rod could be less than the reasonable doubt standard. The net of my views is this, the mere mention by a reviewing officer of a doctrine which has been the law for over sixty-five years is made the basis for a reversal, regardless of its probable effect upon a convening authority.

I would affirm the decision of the board of review.