UNITED STATES, Appellee

v

JOSEPH W. ACKER, Basic Airman, U. S. Air Force, Appellant

9 USCMA 80, 25 CMR 342

No. 10,920

Decided March 28, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Captain Richard C. Bocken* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Major Carl Goldschlager* were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Our grant of review in this case was limited to a consideration of the sufficiency of the advice contained in the post-trial review. Although he had pleaded not guilty, the accused was convicted of four separate assaults, which were charged as violations of either Article 128 or Article 134 of the Uniform Code of Military Justice, 10 USC §§ 928 and 934. In his review, the staff judge advocate summarized in detail the evidence which had been presented at trial on behalf of both the prosecution and the defense. In a section of the review entitled "Sufficiency of the Evidence," he extensively analyzed the evidence as to each offense which had been previously discussed. He concluded the individual analysis of each offense with such statements as:

". . . Thus the finding of guilty as to each specification, insofar as the offenses of assault and battery are concerned, is correct. . . Thus the

findings of guilty to specifications 1 and 2 of charge I are fully supported by the evidence.

". . . Thus upon a determination by the court that the accused at the time of the offense was legally responsible for his acts, their further determination that he was guilty of assault and battery by grabbing Miss Meckel was proper.

. . . . .

". . . Based upon the whole evidence of record it cannot be said that the court erred in determining that at the time of this assault the accused was aware of the fact that he was dealing with a commissioned officer."

These conclusions are correct as far as they pertain to the reviewer's consideration of the *legal* sufficiency of the evidence. On the issue of *factual* sufficiency, however, the review is incomplete. There is no indication that the staff judge advocate was convinced

of the accused's guilt beyond a reasonable doubt. Furthermore, the review failed to advise the convening authority that in order to approve the court's findings he too must be convinced of the accused's guilt beyond a reasonable doubt. It is in these respects that the review is deficient. United States v Grice, 8 USCMA 166, 23 CMR 390; United States v Fields, 9 USCMA 70, 25 CMR 332; United States v Howes, 9 USCMA 78, 25 CMR 340.

The record of trial is returned to The Judge Advocate General of the Air Force for submittal to the convening authority for further proceedings in conformity with Articles 61 and 64 of the Code, supra, 10 USC §§ 861 and 864.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

My reasons for so doing are expressed in my separate opinion in United States v Fields, 9 USCMA 70, 25 CMR 332.