UNITED STATES, Appellee

v

HARRY L. OWENS, Private, U. S. Army, Appellant

15 USCMA 591, 36 CMR 89

*First Lieutenant John Kagel* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Martin S. Drucker,* and *Captain Robert T. Webster.*

*Captain Anthony L. Tersigni* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

QUINN, Chief Judge:

The accused contends that the post-trial review of his conviction for several offenses, in violation of the Uniform Code of Military Justice, is materially deficient, in that it does not properly advise the convening authority of his independent responsibility to determine the accused's guilt beyond a reasonable doubt. See United States v Fields, 9 USCMA 70, 25 CMR 332; United States v Grice, 8 USCMA 166, 23 CMR 390.

In reviewing a conviction by a court-martial, the convening authority must determine that the findings of guilty are correct "in law and fact." Code, supra, Article 64, 10 USC § 864. To affirm the findings of guilty, he must be convinced beyond a reasonable doubt that the evidence establishes guilt. United States v Grice, supra, page 169; United States v Howes, 9 USCMA 78, 25 CMR 340. Therefore, the staff judge advocate should include in his post-trial review a specific reminder to the convening authority of the proper standard by which he must determine the sufficiency of the evidence to support the findings of guilty. United States v Fields, supra, page 77; United States v Skees, 10 USCMA 285, 290, 27 CMR 359. However, the absence of a direct and precise statement as to the convening authority's responsibility does not necessarily mean the review is fatally deficient. The review as a whole may leave no doubt that the convening authority must be convinced of accused's guilt beyond a reasonable doubt in order to affirm the conviction. United States v Skees, supra; United States v Hurt, 9 USCMA 735, 784, 27 CMR 3.

Presumptively, the rules of law and the findings of fact recommended by the staff judge advocate in the post-trial advice are those followed by the convening authority. United States v Grice, United States v Hurt, both supra. At two separate places in the review the staff judge advocate indicated that, in his opinion, the evidence of record supported the findings of guilt beyond a reasonable doubt. A fair reading of the review compels the conclusion the staff judge advocate adequately indicated that affirmance of the conviction required the factual determination that the accused's guilt was established beyond a reasonable doubt. Here, as in *Skees* and *Hurt,* the staff judge advocate's advice presents no fair risk that the convening authority was misled as to the correct standard to apply in his review of the conviction.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.