UNITED STATES, Appellee

v

IRVIN C. DAVIS, JR., Lance Corporal,
U. S. Marine Corps, Appellant

18 USCMA 170, 39 CMR 170

No. 21,434

March 14, 1969

*Captain Frank A. Nelson*, JAGC, USN, argued the cause for Appellant, Accused.

*Commander Walter F. Brown*, JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche*, USMC.

## Opinion

FERGUSON, JUDGE:

The accused was convicted by special court-martial, convened at Coa Doi, Vietnam, of one specification of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. His sentence, as finally approved, extends to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $60.00 per month for a like period, and reduction to the pay grade of E-1. However, the bad-conduct discharge and the confinement at hard labor in excess of four months have been suspended for the period of confinement actually served and for twelve months thereafter, with provision for automatic remission. We granted the appellant's petition for review on the single issue of:

Whether the accused was denied

his right to post-trial review by an impartial staff judge advocate.

The basis for the granted issue revolves about a trial motion by defense counsel for relief on the ground that the accused was denied his right to a speedy trial and a personal handwritten note, relative to this issue, from the staff legal officer to the supervisory authority.

In accordance with Article 65(b) of the Code, supra, and paragraph 85 of the Manual for Courts-Martial, United States, 1951, the staff legal officer to the officer exercising general court-martial jurisdiction (supervisory authority), upon receipt of the record of trial from the convening authority, prepared a review of the case for his superior. Therein he commented on defense counsel's motion as follows:

"7. ERRORS AND IRREGULARITIES

"a. Prior to the accused's plea, the Defense Counsel moved to dismiss the Charge and Specification thereunder on the grounds that the accused had been denied his right to a speedy trial. The motion was properly presented to the President, (Article 51(b), Uniform Code of Military Justice). His ruling thereon is predicated upon the exercise of his sound discretion as applied to the facts before him. US v BROWN, 10 USCMA 498, 28 CMR 64). The President denied the motion. The record of trial and allied papers do not reveal oppressive design or lack of reasonable diligence on the part of the Government. The accused's unauthorized absence was terminated in the United States on 12 February and he was not returned to his unit in the Republic of Vietnam until 19 March 1968. It is judicially noted that 2nd Battalion, 5th Marines is located in a combat zone where communication and transportation facilities are extremely limited even when available and has been actively engaged in extensive combat operations during the processing of this case. Accordingly, no error prejudicial to the accused resulted."

The staff legal officer attached to his review a signed, handwritten note for the Commanding General containing these additional comments on the matter:

"Please note paragraph 7a of my advice. The Board of Review may reverse on this issue of speedy trial, but I recommend we make them do it if it is done. I have judicially noted the combat situation of 2/5 and the problems in communication and transportation in an effort to sustain this court. If the case is set aside, the accused will be here in Vietnam and a rehearing may be held without too much difficulty."

Appellate defense counsel contended before this Court that by this note the staff legal officer displayed a lack of that high degree of impartiality required for the effective operation of the military justice system; that if it did not in fact establish bias in this case, its very existence portends a system of procedure which, if generally followed, would permit a staff judge advocate to prepare a formal advice and thereafter by side memorandum or informal note destroy the contents of the formal review and the very purpose thereof.

Government appellate counsel asserted that the questioned note was merely part and parcel with the personal conference that a staff legal officer generally has with the Commanding General in connection with the latter's ultimate action on the record of trial. In this case it was, very likely, reduced to writing because the Commanding General was probably temporarily absent from his headquarters due to the vicissitudes of war. In any event, according to the Government, there is no requirement that the staff legal officer's personal briefing be recorded and a verbatim transcript thereof be attached to the record of trial. Since, in this case, an informal memorandum was attached and made available for the critical perusal of all, no possibility of harm exists and it cannot be said that the review was incomplete or other than impartial.

The existence of the note is both puzzling and disturbing. On the one hand we are left to speculate as to its purpose (the staff legal officer has not been queried), with the defense suggesting a number of answers, all indicating bias and prejudice, while the Government, blithely, it seems, dismissing the matter as usual, routine, and of no real consequence. On the other hand, the disturbing aspect of the matter was suggested by the defense when it asserted before this Court that by such a procedure the contents and purpose of the formal post-trial review could be put to naught.

The role of the staff judge advocate (staff legal officer) is varied and complex. While he is the legal counsel for the command and his services are available to all (United States v DeAngelis, 3 USCMA 298, 12 CMR 54), in an independent and impartial capacity (United States v Gunnels, 8 USCMA 130, 23 CMR 354), he is also the personal advisor to his commanding officer on legal matters, especially those dealing with military justice. Article 6(b), Code, supra. As such, he is responsible for the preparation of the post-trial review. Article 61, Code, supra. See United States v Fields, 9 USCMA 70, 25 CMR 332, for a history of the duties of the staff judge advocate and his responsibilities in the preparation of the post-trial review.

Paragraph 85b, Manual, supra, states:

"**Form and content of review.** The staff judge advocate or legal officer to whom a record of trial is referred for review and advice will submit a *written* review thereof to the convening authority. The review will include a summary of the evidence in the case, his opinion as to the adequacy and weight of the evidence and the effect of any error or irregularity respecting the proceedings, and a specific recommendation as to the action to be taken. Reasons for both the opinion and the recommendations will be stated. The convening authority may direct his staff judge advocate or legal officer to make a more comprehensive *written* review or supplementary oral or *written* reviews or reports." [Emphasis supplied.]

The key word in the above-quoted paragraph from the Manual is the word *written*. When a supplemental oral report is requested or given it may not deviate from the contents of the written report and must thereafter be made a part of the written record. Article 61 requires a *written* opinion and the Manual may not establish rules in conflict with the Code. United States v Smith, 13 USCMA 105, 32 CMR 105. Quite obviously the written report should be complete and entire for, as a part of the record of trial, it becomes available to defense counsel (United States v Beatty, 10 USCMA 311, 27 CMR 385) and on subsequent review, by boards of review and this Court, in appellate proceedings. It is imperative, therefore, that it contain the whole of the bases upon which the convening or supervisory authority took his action; otherwise, a proper review of the advice is impossible. Its importance in the military judicial process cannot be discounted. United States v Grice, 8 USCMA 166, 23 CMR 390; United States v McElwee, 16 USCMA 586, 37 CMR 206.

We have in the past placed great reliance on the written post-trial review as it appears in the record and upon the recommendations of the staff judge advocate. While, as we have said, the convening authority always has the right to disagree with the staff judge advocate's recommendations (United States v Grice, supra; United States v Johnson, 8 USCMA 173, 23 CMR 397), if he does so, he must explain his reasons in a written communication accompanying the record. Paragraph 85c, Manual, supra. Cf. United States v Duffy, 3 USCMA 20, 11 CMR 20. And, as we have held, the convening authority is presumed to agree with the staff judge advocate's written review in the absence of a showing to the contrary. United States v Owens, 15 USCMA 591, 36 CMR 89. Cf. United States v John-

son, 12 USCMA 640, 31 CMR 226. It would be illogical in the extreme if such a position were not based on the *whole of the post-trial advice*.

Since no copy was made of the note in question, it apparently was not intended as a part of the written review, for the review has as many copies as there are copies of the record of trial, and this note contained an additional handwritten notation, "File this in our R/T" (Record of Trial?). Inasmuch as the note contained data which served to explain the staff legal officer's opinion on defense counsel's lack of speedy trial motion, it should have been included in the written review. In point of fact, the note was misleading (cf. United States v Grice, supra) for had the board of review reversed the accused's conviction for lack of speedy trial, it could have directed that the charges be dismissed. United States v Parish, 17 USCMA 411, 38 CMR 209. Cf. United States v Lamphere, 16 USCMA 580, 37 CMR 200. A new review is indicated. United States v Grice, supra.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. Under the facts of this case, we feel it is perfectly proper to return the case to the same supervisory authority, who will refer the record to his staff legal officer for further review in accordance with the principles expressed in this opinion.

DARDEN, Judge, with whom Chief Judge QUINN joins (concurring in the result):

I concur in the result. To me, the staff legal officer's note in question is nothing more than a rather forthright acknowledgment by the author that regardless of his own assessment of the case, others might disagree. I see no abridgment of his impartial role or deviation from appropriate practice in the existence of this instrument. United States v Mallicote, 13 USCMA 374, 32 CMR 374. On the other hand, I willingly concede that other interpretations are possible and that the appearance of error should be as stringently avoided as error itself. Considering the relationship between the supervisory authority and the staff legal officer, their combined role in the appellate process, and in order to remove even the barest suggestion of error, I believe a new staff legal officer review and supervisory authority action are justified.