## UNITED STATES, Appellee

v

## THURMON D. CHANDLER, Private, U. S. Army, Appellant·

### 22 USCMA 73, 46 CMR 73

No. 25,650

December 1, 1972

*Captain Stephen I. Hurwitz* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain David A. Fischer,* and *Captain Mark L. Tuft.*

*Captain James F. Motley* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson, Captain Benjamin P. Fishburne, III,* and *Captain Stan L. Spangler.*

### Opinion of the Court

DARDEN, Chief Judge:

This case is before us on the issue whether the staff judge advocate's post-trial review is prejudicially insufficient in that the testimony of a major prosecution witness is inaccurately summarized.

At one point in the trial, the alleged victim of the accused's robbery testified that at the time of the offense Chandler was "so drunk that he could not control himself," and "when he came into my room, he was drunk and he had the knife in his hand." The post-trial review stated that the witness declared accused had been "drunk on the prior evening, but that he was not drunk when he committed the offense."

The witness had testified that the accused had been in the witness's room on two occasions. On the preceding evening, the accused unsuccessfully sought to sell some records. On the

next morning, he entered the witness's room and the alleged robbery occurred. The Government contends that the testimony regarding the accused's intoxication refers to the incident of the preceding evening, while the accused argues that it refers to the time of the offense.

The witness's testimony was presented through an interpreter and is unclear. It may fairly be read to support either position and the doubt should be resolved in favor of the accused. At the very least, the apparent inconsistency should have been developed in order that the convening authority might be fully informed.

 In their review of, and action on, the record the convening authority and his staff judge advocate are bound to consider the evidence anew and to find that the accused's guilt is established beyond a reasonable doubt. United States v Grice, 8 USCMA 166, 23 CMR 390 (1957). Otherwise, the verdict of guilty cannot be approved. For this function to be properly executed, the post-trial review must fairly summarize the evidence, particularly as to each affirmative issue presented. United States v Petty, 13 USCMA 398, 32 CMR 398 (1962); United States v Cash, 14 USCMA 96, 33 CMR 308 (1963). While the staff judge advocate must necessarily be selective in setting out the evidence, and what should be included is best left to his sound professional discretion, see United States v Cash, supra, the summary of the testimony regarding the accused's intoxication deprived him of the opportunity to have a possible defense considered in connection with approval of the findings of guilty and sentence. A new post-trial review is required. United States v Petty, supra.

The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army for transmission to the convening authority and accomplishment of a new post-trial review and action.

Judges QUINN and DUNCAN concur.