UNITED STATES, Appellee

v

SIMON L. COLLIER, Lance Corporal,
U. S. Marine Corps, Appellant

19 USCMA 580, 42 CMR 182

No. 23,011

July 24, 1970

*Lieutenant Scott M. Feldman,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused was convicted of one specification alleging the wrongful sale of a habit-forming drug, heroin, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances for eight years, confinement at hard labor for eight years, and reduction to the grade of E–1. The convening authority approved the sentence as adjudged, except for that portion relating to forfeitures and confinement which he reduced to two years. The United States Navy Court of Military Review, with one member dissenting, affirmed the findings and sentence as reduced.

We granted review to consider an allegation that the post-trial review of the staff judge advocate was incomplete and inadequate.

The principal witness for the Government was one Arfa, a former Marine who had been administratively discharged because of possession and use of marihuana. While awaiting a general court-martial for possession of marihuana, he volunteered his assistance to agents of the Office of Naval

Intelligence. His alleged purchase of heroin from the accused was under their direction. He testified on cross-examination that because of this assistance, he was never brought to trial.

The accused denied under oath that he had ever possessed or sold drugs of any kind.

As part of its case, the defense presented the testimony of Captain Williams, a lawyer certified by the Judge Advocate General of the Navy and the legal officer at Camp Lejeune, where this case was tried. Captain Williams testified in most vivid and emphatic terms that under no circumstances would he believe the Government witness Arfa. Contrariwise, he praised the accused highly, believed him to be truthful, and "a credit to the Marine Corps."

In his review summarizing the testimony and the evidence, in which he opined that the evidence "clearly establishes beyond a reasonable doubt the accused's guilt," the staff judge advocate advised the convening authority that "[t]he key issue is the credibility of ARFA." He did not, however, make any mention whatever of the testimony of Captain Williams relative to this issue. It is his failure to include this vital information which is the subject of our grant of review and was the basis for the dissent to the affirmance by one member of the United States Navy Court of Military Review.

In United States v Fields, 9 USCMA 70, 25 CMR 332 (1958), this Court reviewed at length the nature of the information to be included in the post-trial review. Article 61, Code, supra, 10 USC § 861; paragraph 85b, Manual for Courts-Martial, United States, 1969 (Revised edition). There we said, at page 76:

". . . [T]here must be included in every post-trial review the staff judge advocate's opinion as to the adequacy and weight of the evidence, supported by his reasons for such opinion. United States v Withrow, 8 USCMA 728, 25 CMR 232 [1958]; United States v Flemings, 8 USCMA 729, 25 CMR 233 [1958]. This is designed to guide the convening authority in his determination of correctness of the findings 'in law and fact.' (See Article 64, Code, supra.) The terms 'adequacy' and 'in law' refer to the legal sufficiency of the evidence. The terms 'weight' and 'in fact' pertain to the requirement that the convening authority be satisfied of the accused's guilt 'beyond a reasonable doubt.' United States v Grice, 8 USCMA 166, 23 CMR 390 [1957]."

See also United States v Johnson, 8 USCMA 173, 23 CMR 397 (1957); United States v Bennie, 10 USCMA 159, 27 CMR 233 (1959). Cf. United States v Greenwalt, 6 USCMA 569, 20 CMR 285 (1955).

Inasmuch as the principal issue in this case was the credibility of the witness Arfa, as the staff judge advocate and the parties at trial agreed, it is difficult to comprehend how the convening authority was in a position to judge the credibility of the witnesses and to be satisfied of the accused's guilt beyond a reasonable doubt (United States v Grice, 8 USCMA 166, 23 CMR 390 (1957)) absent information relative to the testimony of Captain Williams, not only as to Arfa but as to the accused as well. Omission of any mention of this testimony from the summary of the evidence can only be viewed as resulting in an inadequate and incomplete post-trial review. Prejudice to the substantial rights of the accused is apparent. United States v Fields, supra.

The decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to a different reviewing authority for further proceedings under Article 61, Code, supra, and Article 64, Code, supra, 10 USC § 864.