UNITED STATES, Appellee

v

EARL SAMUELS, Specialist Four, U. S. Army, Appellant

22 USCMA 238, 46 CMR 238

No. 26,240

April 20, 1973

*Captain Allan K. DuBois* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain Michael A. Mason, Jr.*

*Captain Stan L. Spangler* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III,* and *Captain Richard L. Menson.*

## Opinion of the Court

DARDEN, Chief Judge:

This case concerns the adequacy of a staff judge advocate's post-trial review that omitted the testimony of a material defense witness.

The accused was tried and convicted of three specifications of robbery. The offenses involved three victims and occurred at nearly the same time in the apartment of Miss Van der Steen, located in Kitzingen, Germany. At the trial, the defense tacitly conceded that the robberies occurred but vigorously contested the identification of the accused as one of the perpetrators.[1]

According to Miss Van der Steen, the accused and three other soldiers persuaded her to lure the victims to her apartment, after which the co-actors rushed in and committed the offenses. A few hours later, the German police apprehended Miss Van der Steen at her apartment.

---

[1] Two of the accused's alleged co-actors were tried with him and acquitted.

Although she readily identified the accused at the trial, Miss Van der Steen was shown to have been unable to do so at the beginning of a pretrial lineup. After the German police were summoned and conferred with her, she identified the accused and others as those who committed the crime. At the trial, she stated that she was under the influence of "acid" on the night of the robbery.

Specialist Field, one of the victims, positively identified the accused at the trial and declared that he had also identified him in two pretrial lineups. Agent Gower of the Criminal Investigations Detachment, who was in charge of the lineups, contradicted Field's testimony. Gower testified that Field picked out the accused only at one of the lineups and that his identification was not positive.

First Lieutenant Patten testified that he was present at the lineups as counsel for the accused. According to him, Specialist Field identified only a Sergeant Faison and a soldier named Buie as his assailants. Field then stated, as to Samuels, " 'I don't know about him. I can't say about him.' " He concluded by again positively identifying Faison and Buie and declaring that he could not identify anyone else.

In his post-trial review, the staff judge advocate summarized Agent Gower's testimony about Field's participation in the lineup as follows:

Field viewed the line-up twice. He identified Bennett and Samuels at one of the line-ups . . . but later reversed them. . . . He identified Buie and a fellow named Foison [sic] at both line-ups and the other two victims could identify no one. . . .

The staff judge advocate omitted all mention of Lieutenant Patten's testimony.

■ While the staff judge advocate must necessarily be selective in summarizing evidence for inclusion in his post-trial review, he must set out all items of proof that may have a substantial influence on the decision of the convening authority. United States v Fields, 9 USCMA 70, 25 CMR 332 (1958). Omission of important testimony relating to a key issue in the case is reversible error. United States v Collier, 19 USCMA 580, 42 CMR 182 (1970). A review that is incomplete or misleading on an important point is unacceptable. United States v Cruse, 21 USCMA 286, 45 CMR 60 (1972); United States v Hooper, 9 USCMA 637, 26 CMR 417 (1958).

The only real issue presented by the record is the identification of the accused as one of the perpetrators of the offenses. That depended upon the testimony of Miss Van der Steen and Specialist Field. Miss Van der Steen was admittedly an accomplice in the robberies and under the influence of a hallucinogenic drug on the night of their occurrence. Her testimony was seriously impeached in other ways.[2]

■ Specialist Field was positive in his in-court identification of the accused and was equally assertive regarding his recognition of Samuels in the pretrial lineups. While the impact of his testimony on this issue was lessened by the differing recollection of Agent Gower, Lieutenant Patten's testimony refuted Field's statements regarding his pretrial identification of the accused. We consider omission of the Patten testimony from the post-trial review an abuse of the staff judge advocate's discretion. United States v Cruse, supra; United States v Collier, supra.

Eyewitness identification in pretrial lineups has been characterized by the Supreme Court as "peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial." United States v Wade, 388 US 218, 228, 18 L Ed 2d 1149, 87 S Ct 1926

---

[2] It also appears that after the trial, the convening authority was made aware that she had on another occasion brought false charges of rape against several soldiers while she allegedly was under the influence of drugs.

(1967). The purpose of Lieutenant Patten's presence at the lineup was to insure that the ultimate fact finders would have available on the accused's behalf a version of what occurred beyond that furnished by the participants. Id. at 231–232. His testimony was not merely cumulative of Agent Gower's, but was a much stronger refutation of Specialist Field's declarations. We are therefore unable to say that it would not have substantially affected the convening authority's action.

The decision of the United States Army Court of Military Review is reversed and the action of the convening authority is set aside. The record of trial is remanded to the Judge Advocate General of the Army for return to the convening authority and preparation of a new posttrial review.

Judges QUINN and DUNCAN concur.