**UNITED STATES**

v.

**Christopher F. DANKO, 364 60 8495
Private U.S. Marine Corps.**

**NCM 75 1606.**

U. S. Navy Court of Military Review.

Sentence Adjudged 24 Jan. 1975.

Decided 19 Aug. 1975.

LCDR Jeffrey H. Bogart, JAGC, USN, Appellate Defense Counsel LTCOL P. N. Kress, USMC, Appellate Government Counsel.

DECISION

EVANS, Senior Judge:

Appellant contrary to his plea stands convicted of selling phencyclidine, a controlled

substance, contrary to the provisions of Article 1151 United States Navy Regulations. We return the record for another post-trial legal review and action by the supervisory authority.

The prosecution by the testimony of Government informer PFC Eblen established the charged sale took place between 2030 and 2100 on 15 November 1974. There were no witnesses to the sale. The defense introduced evidence of alibi and Eblen's poor reputation for truth and veracity. The hinge pin of the prosecution case was the testimony of Mrs. Katherine Yarbrough. Her testimony contradicted the alibi evidence. She identified the appellant as being with informer Eblen at her place of employment, the Seven Day Store at Twenty Nine Palms at the time in question.

We are critical of the summarization of her testimony by the learned staff judge advocate:

"The witness was working as a cashier on the evening of 15 November 1974, in the Seven Day Store. Between the hours of 8:30 and 9:00 o'clock Mrs. YARBROUGH recalls seeing Private DANKO and Private First Class EBLEN in the store. The reason Mrs. YARBROUGH recalls these marines is that business was slow that evening and Private First Class EBLEN bought a pack of cigarettes with a ten dollar bill. The witness was short of change and this perturbed her. She also recalled Private DANKO, as he appeared to be such a nice looking Marine compared to most Marines that go in there.

On cross-examination Mrs. YARBROUGH stated that she had worked in the Seven Day Store for about a month and waited on a lot of people. Mrs. YARBROUGH stated that some people you just remember and others you don't, that this was the first time she recalled ever seeing Private DANKO in the store.

*She stated she has been married for seven years and very interested in her husband's work.*" (SJAR, page 3) [emphasis supplied]

The summarization accurately reports the testimony, but a material portion is omitted. The Commander was not advised of the nature of the work performed by the husband. He was a Marine Corps Sergeant and worked in the Criminal Investigation Division at the Base. Sergeant Yarbrough apparently was familiar with this case and had taken some action with respect to the security of the contraband substance. Understandably, Mrs. Yarbrough took an interest in her husband's work (53, 57, 59).

We consider the supervisory authority should have been advised that an apparent impartial witness who corroborated the informer's testimony was the wife of a CID Investigator who had some connection with the case. From the defense point of view the reviewing authority should have been advised that the testimony should be considered with caution in view of her husband's duty assignment. In sum, it was the duty of the staff judge advocate to make recommendations with respect to the weight to be given her testimony in view of the defense alibi evidence, Manual for Courts-Martial, United States, Paragraph 85*b see United States v. Samuels,* 22 U.S.C. M.A. 238, 46 C.M.R. 238 (1973), *United States v. Nelson,* 23 U.S.C.M.A. 258, 49 C.M.R. 433 (1975), *United States v. Collier,* 19 U.S.C.M.A. 580, 42 C.M.R. 182 (1970); and *see generally, Davis v. State of Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and *United States v. Brunious,* 49 C.M.R. 102 (N.C.M.R.1974).

Accordingly the record of trial is returned to the Judge Advocate General for action pursuant to Article 65, Uniform Code of Military Justice, 10 U.S.C. § 865.

Judge MALLERY concurs.

Judge FULTON, absent.