718

**UNITED STATES**

v.

**Private (E-2) John T. CHILES, 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, US Army, Company S (Student Enlisted), Fourth Battalion, US Army Quartermaster School Brigade, Fort Lee, Virginia.**

CM 435152.

U. S. Army Court of Military Review.

25 March 1977.

Appellate Counsel for the Accused: CPT Michael V. Smith, JAGC; CPT D. David Hostler, JAGC; LTC John R. Thornock, JAGC.

Appellate Counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Gary F. Thorne, JAGC; COL Thomas H. Davis, JAGC.

Before COOK, DRIBBEN and DeFORD, JJ.

## OPINION OF THE COURT

DRIBBEN, Judge:

In a trial by a military judge sitting as a general court-martial, appellant was convicted of the robbery of two fellow soldiers, in violation of Article 122, Uniform Code of Military Justice, (UCMJ), 10 U.S.C. § 922. He was sentenced to be discharged from the service with a bad-conduct discharge, to be confined at hard labor for eight months, and to forfeit $100.00 pay per month for eight months. The action of the convening authority approves the punitive discharge and confinement adjudged but is ambiguous as to the forfeitures. We will resolve this ambiguity in our decretal paragraph.

The applicable facts are these. On the evening of 15 February 1976 at Fort Lee, Virginia, appellant and the two victims, Privates McGraw and Rettenmaier, after attending a movie together, went to an enlisted men's club. While outside the club, McGraw and Rettenmaier left the company of Private Chiles since the line into the club was very long. A Private Tillman came out of the club while appellant was waiting in line and told him nothing was happening inside. Appellant then decided to return to his company area with Tillman. During the walk back to the barracks, they overtook Rettenmaier and McGraw.

Rettenmaier turned around to see who was walking behind him. He recognized appellant but only knew Tillman as the man Chiles was talking with at the enlisted men's club. When Rettenmaier turned back around, Tillman grabbed him around the neck. Rettenmaier could see appellant

and McGraw standing in front of him during the assault. McGraw told Rettenmaier that Tillman had a gun aimed at his head. Tillman ordered McGraw, Rettenmaier and possibly appellant to put their wallets on the ground.[1] After McGraw and Rettenmaier threw their wallets down, they were told to run. Chiles caught up with Rettenmaier and escorted him back to the barracks.

Appellant denied taking any part in the robbery. He claimed that, while walking back to the barracks, Private Tillman asked him whether Rettenmaier and McGraw had any cash with them. Appellant said that they did. Tillman then told appellant that he was going to try to get their money. Appellant's response, in disbelief, was to tell Tillman that he was crazy. Appellant and Tillman then overtook the victims. Appellant accounts for his statement to the contrary to the investigating agent as having been made because he was afraid of that agent's alleged threat to get him the maximum confinement if he were later found to have participated in the robbery.

The Government's evidence contradicted appellant's testimony. According to appellant's statement made to a Criminal Investigation Agent, he and Tillman planned the robbery during which appellant was to appear as a victim. Rettenmaier also testified that appellant admitted as much to him and offered to pay the former if he "dropped the charges." Private McGraw, however, testified that he had a conversation with Rettenmaier to the effect that the latter had advised appellant that he, Rettenmaier, would drop the charges if Chiles would pay him $50.00.

## I

■ We note that the staff judge advocate omitted any reference to Private McGraw's testimony concerning his conversation with Private Rettenmaier regarding the latter's conversation with appellant about "dropping the charges." As trial de-

fense counsel states in his rebuttal and comments to the staff judge advocate's post-trial review:[2]

"Discussion of this matter is deemed relevant in that his testimony supports the later testimony of Private Chiles regarding Private Rettenmaier's extortion attempt and casts substantial doubt as to the credibility of Private Rettenmaier's assertion that Private Chiles extorted him."

Private Rettenmaier's testimony regarding appellant's alleged admission of criminality to him and attempt to extort him was extremely damaging to Private Chiles. Certainly, appellant is entitled to a fair summation of that evidence which places Private Rettenmaier's credibility in question. *United States v. Scaife,* 23 U.S.C.M.A. 234, 236, 49 C.M.R. 287, 289 (1974); *United States v. Samuels,* 22 U.S.C.M.A. 238, 239, 46 C.M.R. 238, 239 (1973). The post-trial review is prejudicially deficient in this regard.

## II

■ The convening authority's action, in pertinent part reads as follows:

". . . the sentence to a bad conduct discharge, confinement at hard labor for eight (8) months is approved. The forfeitures shall apply to pay and allowances becoming due on and after the date of this action. . . ."

The effect of this ambiguity must be resolved in favor of the accused. Therefore the approved sentence extends only to a bad-conduct discharge and confinement at hard labor for eight months with its resulting reduction of appellant to the lowest enlisted grade.

The action of the convening authority, dated 16 August 1976, is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

---

1. The testimony of the various parties differ as to whether Tillman told appellant to drop his wallet.

2. *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

**720**

COOK, Senior Judge, concurring:

I would concur without comment were it not for the fact that I believe the dissenting judge relies upon a misinterpretation of language I authored that appears in the *Myhrberg*[1] en banc opinion. The decision in that case was concerned with the perimeters of the waiver created by a defense counsel's failure to comment upon an error in a post-trial review after having been afforded an opportunity to do so under the mandate of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). In the case *sub judice* the issue concerns the very different question of the impact or effect of a comment by the trial defense counsel on a serious omission from the post-trial review. Therefore, in my view, reliance upon *Myhrberg* is inapposite. The dicta quoted by the dissenting judge does not say, nor was it intended to convey, the concept that trial defense counsel's comments were to act as a substitute review.[2] In my view the *Goode* rule provides the trial defense counsel with an opportunity to, among other things, call attention, as was done in the case *sub judice*, to omissions in the post-trial review which he feels ought to be included in that review. It is then up to the staff judge advocate to adopt or reject those comments. If he rejects those comments, as he did here, he does so at his peril, because ". . . the convening authority presumptively acts in accordance with his staff judge advocate's advice."[3] As I find that the trial defense counsel preserved the error by his *Goode* review comment, and the omission from the review was prejudicial and of the type that cannot be cured by a reassessment, I concur with Judge Dribben that a new review is mandated.

1. *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R. 16 July 1976).

2. *See* Chief Judge Clausen's caveat in his concurring opinion in *United States v. Myhrberg, supra*.

3. *United States v. Hill*, 22 U.S.C.M.A. 419, 422, 47 C.M.R. 397, 400 (1973); *see also United States v. Grice*, 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957).

DeFORD, Judge, dissenting:

I dissent.

I am unable to agree with the majority's opinion that the appellant was prejudiced by the failure of the staff judge advocate to adequately summarize the factual evidence under the circumstances of this case.

Here, the staff judge advocate omitted a summary of Private McGraw's testimony concerning a statement made to him by Private Rettenmaier regarding a previous conversation that Rettenmaier had with the appellant to the effect that he would "drop the charges" against the appellant if he was paid $50.00. This evidence affected the credibility of Private Rettenmaier's testimony as one of the principal victims and controverted his testimony to the effect that the appellant had admitted his complicity in the crime and that Rettenmaier would be paid for his loss during the robbery if he "dropped the charges." (R. 32).

Following the trial, the staff judge advocate omitted the above set forth testimony from his post-trial review. However, the omitted testimony was provided to the convening authority by the trial defense counsel prior to the convening authority's action in the appellant's case.

It has been previously held that while the staff judge advocate must necessarily be selective in summarizing evidence for inclusion in his post-trial review, he must set out all items of proof that may have a substantial influence on the decision of the convening authority.[1]

The omission of important testimony relating to a key issue in the case is reversible error.[2]

1. *United States v. Scaife*, 23 U.S.C.M.A. 234, 49 C.M.R. 287 (1974); *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958).

2. *United States v. Collier*, 19 U.S.C.M.A. 580, 42 C.M.R. 182 (1970); *United States v. Scaife, supra*.

The foregoing cases were decided prior to the Court of Military Appeals' decision in *United States v. Goode*[3] in which it was held that the staff judge advocate's review must be served on counsel for the accused with the opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service together with any such correction, challenge, or comment which counsel may make, shall be made a part of the record of proceedings. The failure of counsel for the accused to take advantage of this opportunity within five days of said service upon him will normally be deemed a waiver of any error in the review.

We subsequently stated in interpreting the *Goode* rule in *United States v. Myhrberg* that as we viewed the *Goode* rule, ". . . the United States Court of Military Appeals is using it not only to reduce the number of these types of cases (post-trial review errors) to be considered on review, but the Court is also employing the rule as a prod to animate and impel trial defense counsel to a more active participation in the post-trial review procedure. . . ."

As a consequence of the requirements in *Goode, supra,* and *Myhrberg, supra,* the staff judge advocate served his deficient review on the trial defense counsel. That counsel in his response pointed out the omission of Private McGraw's testimony as set forth above and invited the convening authority's attention to the relevant pages of the record of trial. He also raised additional points concerning the review and enclosed a petition for clemency.

The staff judge advocate responded to the trial defense counsel's comments with the following statement appended to the post-trial review:

"Counsel for the accused has submitted the attached matters for your considera-

tion. I have reviewed said matters and in my opinion, they are adequately covered in the review or warrant no further discussion. My recommendation remains the same and a form of action to accomplish said recommendation is attached for your signature."

I view the foregoing comment as the staff judge advocate's decision to not further comment on his omission of the critical factual matter set forth in the defense counsel's *Goode* response.

It is obvious that the convening authority was aware of the omitted controverted testimony and was at liberty to judge the credibility of the witnesses and determine this controverted question of fact under the guidelines provided in the post-trial review.[4]

Accordingly, I find no prejudicial error was committed in this case.

**UNITED STATES, Appellee,**

---

3. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

4. Where the omission is strictly factual in character, I do not believe that the convening authority would pay additional credence to the staff judge advocate's recommendation and opinion as distinguished from the reference to the record supplied by the trial defense counsel.